*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1974**

Tanya Jacobs,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed June 29, 2015
Affirmed as modified
Bjorkman, Judge**

Department of Employment and Economic Development
File No. 32802556-2

Tanya Jacobs, Hutchinson, Minnesota (pro se relator)

Lee B. Nelson, Munazza Humayun, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Ross, Presiding Judge; Bjorkman, Judge; and Willis, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Relator challenges the determination of an unemployment-law judge (ULJ) that she is ineligible to receive unemployment benefits for the period of April 27 through June

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

7, 2014, because she was not actively seeking employment. Respondent department argues that the ULJ's determination should be modified to reflect relator's employment efforts in the first week of June. We affirm as modified.

**FACTS**

Relator Tanya Jacobs worked as a bartender and server for Lamplighter Lounge. On March 13, 2014, Jacobs went on medical leave because she injured her foot. On April 20, she told her supervisor, Susan Solstad, that she could return to work on April 29, but only on a limited basis while her foot continued to heal. Lamplighter did not have employment hours that corresponded to Jacobs's limited availability, so Solstad put Jacobs on on-call status. Jacobs established an unemployment-benefits account effective April 27 and received unemployment benefits until she returned to work at Lamplighter on June 7. Around that time, Jacobs also began working for another restaurant, Cactus Jack's, and did not work at Lamplighter after June 14.

Lamplighter challenged Jacobs's eligibility for unemployment benefits. After a hearing, the ULJ found that Jacobs was not actively seeking alternative employment between April 29 and June 7, having "looked into" only one job opportunity, and concluded on that basis that Jacobs was not eligible for unemployment benefits.[1] Jacobs sought reconsideration, asserting that she misunderstood the ULJ's questions about her job search and submitting statements from three witnesses indicating that Jacobs had spoken with them about work opportunities during the weeks in question. The ULJ

_____

[1] The ULJ also addressed whether Jacobs quit her employment or was discharged, but the parties did not raise these issues on reconsideration or in this appeal.

2

affirmed, discrediting Jacobs's claim that she was confused during the hearing and rejecting the witness statements as inconsistent with Jacobs's testimony and insufficient to show an active employment search. Jacobs brings this certiorari appeal.

**D E C I S I O N**

We review a ULJ's order to determine whether it is "(1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the department; (3) made upon unlawful procedure; (4) affected by other error of law; (5) unsupported by substantial evidence in view of the entire record as submitted; or (6) arbitrary or capricious." Minn. Stat. § 268.105, subd. 7(d) (2014). We review findings of fact in the light most favorable to the ULJ's decision and will not disturb them if they are substantially supported by the evidence. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). Whether an applicant is eligible for unemployment benefits is a question of law, which we review de novo. *Jenkins v. Am. Express Fin. Corp.*, 721 N.W.2d 286, 289 (Minn. 2006).

To be eligible for unemployment benefits for a given week, an applicant must be "actively seeking suitable employment." Minn. Stat. § 268.085, subd. 1(5) (2014). "'Actively seeking suitable employment' means those reasonable, diligent efforts an individual in similar circumstances would make if genuinely interested in obtaining suitable employment under the existing conditions in the labor market area." *Id.*, subd. 16(a) (2014). Whether an applicant was actively seeking suitable employment is a factual determination. *See McNeilly v. Dep't of Emp't & Econ. Dev.*, 778 N.W.2d 707, 711-12 (Minn. App. 2010).

3

Jacobs challenges the ULJ's finding that she was not actively seeking suitable employment during the period in question, arguing that she was confused when she stated she had made only one employment inquiry.[2] We are not persuaded. After reviewing the hearing transcript and the witness statements Jacobs submitted in support of reconsideration, the ULJ expressly discredited Jacobs's assertion that she was confused. Because the ULJ is in the best position to weigh the credibility of witnesses, we defer to that determination. *Lamah v. Doherty Emp't Grp., Inc.*, 737 N.W.2d 595, 601 (Minn. App. 2007). Moreover, the ULJ's credibility determination finds ample support in the record. The transcript reveals that the ULJ clarified which time period was at issue immediately before and during the discussion of Jacobs's employment search. Jacobs testified that she had no contact with Lamplighter for four weeks after being placed on the on-call list, did not contact Cactus Jack's about employment until June, and made one inquiry into a job at a nursing home on an unspecified date. This testimony as a whole substantially supports the ULJ's finding that Jacobs was not actively seeking employment during April and May.

We are similarly unpersuaded by Jacobs's contention that it is "not fair" to require her to pay back the unemployment benefits she received. The repayment requirement is

---

[2] Jacobs also asserts for the first time on appeal that she sought employment through classified advertisements and job-search websites. This evidence was not part of the record on which the ULJ based his decision and is not properly before us on appeal. *See Icenhower v. Total Auto., Inc.*, 845 N.W.2d 849, 857 (Minn. App. 2014) (stating that this court's review is limited to the record before the ULJ), *review denied* (Minn. July 15, 2014).

4

automatic upon a determination of ineligibility and cannot be compromised or excused on equitable grounds. Minn. Stat. §§ 268.069, subd. 3, .18, subds. 1(a), 6 (2014).

But respondent Minnesota Department of Employment and Economic Development (DEED) urges us to modify the ULJ's ineligibility determination to reflect Jacobs's "more rigorous[]" job search in the first week of June. DEED argues that Jacobs's testimony as a whole indicates that she was actively seeking employment during that week. We agree. Jacobs testified that Solstad asked her on May 29 about her upcoming availability and that she told Solstad on June 4 that she could do some work for Lamplighter but was also trying to work at Cactus Jack's. Jacobs returned to work at Lamplighter on June 7 and began working for Cactus Jack's around the same time. This testimony indicates that Jacobs was pursuing multiple employment opportunities during the week of June 1. On this record, we conclude that a one-week modification is appropriate. Accordingly, we modify the ULJ's determination to reflect that Jacobs was ineligible for unemployment benefits from April 27-May 31, and otherwise affirm.

**Affirmed as modified.**